UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PROPRIETECT, L.P.,

        Plaintiff,

                                                                                  Case number 12-12953

v.                                                                   Honorable Julian Abele Cook, Jr.

JOHNSON CONTROLS, INC.,

        Defendant.

## ORDER

This is a patent action in which the Plaintiff, Proprietect, seeks to obtain the entry of a judgment of infringement of two patents against the Defendant, Johnson Controls. Proprietect is the owner of the two patents in suit (namely, U.S. Patent Nos. 7,481,637 ("the '637 patent") and 7,878,785 ("the '785 patent)).

Currently before the Court is Proprietect's motion to strike (1) the declaration of Matthew Brewer that was filed with Johnson Controls's claim construction brief, and (2) certain claim constructions that were filed by Johnson Controls on February 1, 2013.

Proprietect's complaint alleges that Johnson Controls's foam cushions infringe on their intellectual property rights. On November 30, 2012, the parties each filed a statement of proposed claim constructions. (ECF 15 and 16). On December 6, 2012, the Court entered a scheduling order. Pursuant to that order, on February 1, 2013, each party filed a Markman Brief and accompanying Appendix. Johnson Controls's Markman Brief includes the now-challenged items: (1) the declaration of Matthew Brewer (ECF 21-4) and (2) amended proposed claim constructions for

certain terms. The Court will address each item in turn.

First, Proprietect has objected to Brewer's declaration, contending that it is improper extrinsic evidence. Brewer is an attorney who is currently representing Johnson Controls in this matter. His declaration describes Johnson Controls's method of creating foam cushions. Proprietect claims that the declaration is improper because it references the allegedly infringing device. Proprietect submits that it is improper to use the accused device to define the patent claims during claim construction. *See SRI In'l v. Matsushita Elec. Corp. of Am*. 775 F.2d 1107, 1008 (Fed. Cir. 1985). Proprietect is correct in its assertion that patent claims are to be construed in reference to the claim language, other claims, prior art, prosecution history, and the specification, without reference to the accused device.

In response, Johnson Controls asserts that the declaration is proper background information that gives the Court context for the claim construction. Johnson Controls points to other patent cases where a court has accepted evidence relating to the allegedly infringing device. *See Philips Elecs. N. Am. Corp. v. Contec Corp.*, 177 F. App'x. 981, 984 (Fed. Cir. 2006) (after the parties identified the disputed claim terms, the court conducted a technology tutorial, a *Markman* hearing, and a summary judgment hearing on the same day); *Lydall Thermal/ Acoustical, Inc. v. Federal Mogul Corporation*, 566 F. Supp. 2d 602, 611 (E.D. Mich. 2008) (court conducted a technology tutorial prior to the *Markman* hearing).

In the current case, the Court has not scheduled a technology tutorial. As noted above, claim construction is not the appropriate time for Johnson Controls to present factual materials regarding the allegedly infringing device. Instead, the purpose of the upcoming *Markman* hearing is to determine the proper interpretation of the claim language. As the cases pointed to by Johnson

Controls suggest, some courts elect to have a technology tutorial prior to the *Markman* hearing. However, at this time, the Court has not elected to have a technology tutorial. Therefore, the Brewer declaration addressing the accused devices must be struck.

Second, Proprietect requests that Johnson Controls's amended proposed claim constructions for certain terms be struck. The Court's scheduling order directed the parties to identify terms and phrases in need of construction by November 9, 2012. The parties were to file their proposed constructions with the Court by November 30, 2012 and their *Markman* briefs on February 1, 2013. Johnson Controls's *Markman* brief included new and different claim constructions from those previously filed with the Court in November. Proprietect complains that Johnson Controls disregarded the Court's scheduling order and suggests that the Court strike the new proposed constructions.

In response, Johnson Controls contends that it submitted the additional terms after mediation, when it became apparent that these terms would be disputed by the parties. While the Court notes that its scheduling orders are to be enforced, Proprietect has not established with specificity how it has been prejudiced by the amended filing. The Court is obligated to construe disputed patent claim terms and phrases as they arise. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362-63 (Fed. Cir. 2008). Therefore, the Court will accept Johnson Controls's filing.

For the reasons stated above, Proprietect's motion to strike is granted in part and denied in part. It is granted with respect to the Brewer declaration, but denied with respect to the amended claim constructions. (ECF 28).

IT IS SO ORDERED

3

Date: August 1, 2013            s/Julian Abele Cook, Jr.
                                                               JULIAN ABELE COOK, JR.
                                                               U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 1, 2013.

                                                               s/ Kay Doaks
                                                               Case Manager